1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11  ROBIN GILLEN STARR,

12              Plaintiff,                    No. 2:12-cv-2284 KJM AC P

13       vs.

14  JEFF REISIG, et al.,

15              Defendants.              <u>ORDER and</u>

16                                       <u>FINDINGS AND RECOMMENDATIONS</u>

17  _____/

18              Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

19  to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to

20  28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

21  U.S.C. § 636(b)(1).

22              *Motion to Proceed in Forma Pauperis*

23              Plaintiff has submitted a declaration that makes the showing required by 28

24  U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

25              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

26  U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

1

1   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

2   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

3   preceding month's income credited to plaintiff's prison trust account.  These payments shall be

4   collected and forwarded by the appropriate agency to the Clerk of the Court each time the

5   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

6   § 1915(b)(2).

7           *The Complaint*

8           Screening Requirements

9          The court is required to screen complaints brought by prisoners seeking relief

10   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

11   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

12   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

13   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

14   U.S.C. § 1915A(b)(1),(2).

15          A claim is legally frivolous when it lacks an arguable basis either in law or in

16   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

17   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

18   indisputably meritless legal theory or where the factual contentions are clearly baseless.

19   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

20   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

21   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

22          A complaint must contain more than a "formulaic recitation of the elements of a

23   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

24   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

25   must contain something more...than...a statement of facts that merely creates a suspicion [of] a

26   legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

<u>Summary of the Complaint</u>

At the outset, the court notes that plaintiff's initial pleading is entitled "Class Action Complaint Re: 42 U.S.C. § 1983 28 U.S.C. § 2254 (Petition for Habeas Corpus)." <u>See</u> ECF No. 1 at 1.  A review of the complaint reflects that plaintiff appears to be rasing claims in connection with plaintiff's December 11, 2009 conviction for transportation of a controlled substance, and the 2007 arrest which led to the conviction.  <u>See</u> ECF No. 1 at 4, 13.  For instance, plaintiff alleges that he was illegally searched in violation of the Fourth Amendment; that he was illegally charged, in violation of the Double Jeopardy Clause; and that his sentence was illegally enhanced using prior convictions.

Plaintiff also raises a variety of other claims which appear to arise from his current conditions of confinement.  First, plaintiff appears to allege some kind of excessive force claim again defendant Matthew Cate, "who was at all time responsible for all employee(s) actions in CDCR. . . .For torture on 7/10/11 by Lt. Arnold, Lt. Broderick, Sgt. Fell, and head wound on 8/31/11 by Lt. Tyler/C/O Borges."  ECF No. 1 at 2-3, ¶ 4.  Plaintiff raises these dates again in what could be a medical care claim: "For torture on 7/10/11 and assault on 8/31/11 and Du Santi and Appleguist on ride to H.D.S.P. injured to head! Surgery 9/4/11 Dr. Smith!"  ECF No. 1 at 7.  Plaintiff provides no other information about the July, August, and September 2011

1    incidents.

2         Plaintiff additionally accuses the state of California of charging heavier penalties

3    than the law allows, of slandering inmates' names and reputations, and of slavery.  ECF No. 1 at

4    1.

5         It appears from review of the complaint that plaintiff seeks declaratory relief,

6    injunctive relief, compensatory damages of $50,000 and punitive damages of $50 million.  ECF

7    No. 1 at 5, ¶ 20 - 7, ¶ 31.

8         The injunctive relief sought by plaintiff appears to be (1) reversal of plaintiff's

9    conviction; (2) plaintiff's immediate release; (3) expungement of all "negative entries" in

10   plaintiff's records; (4) a permanent injunction for the state "to stop using unverified documents

11   in courts"; and (5) a permanent injunction on the use of priors and strikes, presumably in

12   sentencing.  Plaintiff appears to seeks this relief in the forms of both a temporary restraining

13   order and a permanent injunction.  ECF No. 1 at 2, ¶¶ 1-2; 6, ¶ 25; 16.

14        Also as part of his requested relief, plaintiff asks that the court "[s]top phone

15   contracts ripping off inmate families!"  ECF No. 1 at 6, ¶ 26.  Plaintiff also asks the court to

16   enter an order restraining state employees from denying copies, paper, envelopes, and law library

17   access, presumably to prisoners.  See ECF No. 1 at 16.

18        As defendants, plaintiff names Jeff Reisig, the district attorney of Yolo County;

19   Governor Brown of California; Matthew Cate, director of the California Department of

20   Corrections and Rehabilitation ("CDCR") who "is and was at all times responsible for all

21   employee(s) actions in CDCR. . . ."; Marie Geddis, the "agent in charge of petitioner on October

22   7, 2007 in Yolo County"; Krantz # 850, an officer of the Woodland Police department on

23   October 17, 2007; DeLeon, who is otherwise not described or identified; and Frank Chavez, the

24   warden at Sierra Conservation Center who "was responsible for all his employee(s) actions

25   between 4-25-2011 and 11-10-2011."  ECF No. 1 at 2-3, ¶¶ 3-6.  All defendants are sued in their

26   individual and official capacities.  Id. at 1.

                                    4

1    *Analysis*

2    Habeas and Civil Rights

3    Federal law opens two main avenues to relief on complaints related to

4    imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil

5    Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983. Muhammad v. Close, 540

6    U.S. 749, 750 (2004) (per curiam). Challenges to the validity of any confinement or to

7    particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411

8    U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be

9    presented in a § 1983 action. Muhammad v. Close, 540 U.S. at 750. Some cases are hybrids,

10   with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not

11   only support a claim for recompense, but imply the invalidity either of an underlying conviction

12   or of a particular ground for denying release short of serving the maximum term of confinement.

13   Id. at 750-51.

14   In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court

15   held that where success in a prisoner's §1983 damages action would implicitly question the

16   validity of conviction or duration of sentence, the litigant must first achieve favorable

17   termination of his available state, or federal habeas, opportunities to challenge the underlying

18   conviction or sentence. See Muhammad v. Close, 540 U.S. at 751. Accordingly, in Edwards v.

19   Balisok, 520 U.S. 641 (1997), the Supreme Court applied Heck in the circumstances of a §1983

20   action claiming damages and equitable relief for a procedural defect in a prison's administrative

21   process, where the administrative action taken against the plaintiff could affect credits toward

22   release based on good-time served. See Muhammad v. Close, 540 U.S. at 751. In each instance,

23   conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal

24   habeas served the practical objective of preserving limitations on the availability of habeas

25   remedies. Id.

26   Federal petitions for habeas corpus may be granted only after other avenues of

5

1   relief have been exhausted. 28 U.S.C. § 2254(b)(1)(A).  See Rose v. Lundy, 455 U.S. 509 (1982).

2   Prisoners suing under § 1983, in contrast, generally face a substantially lower gate, even with the

3   requirement of the Prison Litigation Reform Act of 1995 that administrative opportunities be

4   exhausted first. 42 U.S.C. § 1997e(a); Muhammad v. Close, 540 U.S. at 751.  Heck's

5   requirement to resort to state litigation and federal habeas before § 1983 is not, however,

6   implicated by a prisoner's challenge that threatens no consequence for his conviction or the

7   duration of his sentence.  Muhammad v. Close, 540 U.S. at 751.

8           In this case, plaintiff challenges the procedure and process surrounding his 2009

9   conviction, and seeks both money damages as well as a vacation of the underlying conviction.

10  To the extent plaintiff seeks reversal of his conviction, release, and expungement of his record,

11  his claims sound in habeas, and are barred pursuant to 28 U.S.C. § 2244, because plaintiff has

12  already litigated the constitutionality of his 2009 drug conviction in this court.  See Starr v. State

13  of California, Case No. 2:12-cv-0457 KJN P.  Plaintiff may also not seek damages in connection

14  with the trial and conviction, because plaintiff's successful prosecution of these claims would

15  necessarily imply the invalidity of his conviction and sentence, and he did not achieve a

16  favorable termination in his prior habeas litigation.  See Heck, 512 U.S. at 486-87.

17          Class Actions

18          To the extent plaintiff seeks to represent other inmates as plaintiffs in this suit,

19  either in a class action or otherwise, plaintiff is informed that pro se plaintiffs cannot represent

20  anyone but themselves in their lawsuits.  See, e.g., C.E. Pope Equity Trust v. U.S., 818 F.2d 696,

21  697 (9th Cir. 1987) (privilege of appearing pro se is personal to plaintiff, and he has no authority

22  to appear as an attorney for others than himself); McShane v. United States, 366 F.2d 286, 288

23  (9th Cir. 1966) (same).

24          Respondeat Superior

25          The Civil Rights Act under which this action was filed provides as follows:

26          Every person who, under color of [state law] . . . subjects, or

6

> causes to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See,

e.g., Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011).  "A person 'subjects' another to the

deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act,

participates in another's affirmative acts or omits to perform an act which he is legally required

to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740,

743 (9th Cir. 1978).

Municipalities and other local government units are among those persons to

whom 42 U.S.C. § 1983 applies.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).

However, a local government unit may not be held responsible for the acts of its employees

under a respondeat superior theory of liability.  See, e.g., Board of County Com'rs of Bryan

County, Okl. v. Brown, 520 U.S. 397, 403 (1997).  Because vicarious liability is inapplicable to

suits brought under 42 U.S.C. § 1983, a plaintiff must plead that each government official,

through the official's own individual actions, has violated the Constitution.  See Ashcroft v.

Iqbal, 556 U.S. at 676.

Plaintiffs who seek to impose liability on local governments under § 1983 must

prove that "action pursuant to municipal policy" caused the plaintiffs' injury.  Connick v.

Thompson, – U.S. –, 131 S.Ct. 1350, 1359 (2011).  Official municipal policy includes the

decisions of a government's lawmakers, the acts of its policymaking officials, and practices so

persistent and widespread as to practically have the force of law.  Id.

In this case, plaintiff does not name as defendants the officers or doctors who

harmed plaintiff.  Instead he names as defendants the director of the CDCR and the warden of

SCC, explicitly seeking to hold these defendants responsible for the actions of their employees.

1   Plaintiff does not provide any basis to determine if these individuals themselves subjected

2   plaintiff to a deprivation of his constitutional rights, such as through a municipal policy or

3   custom.  Because plaintiff is accordingly attempting to hold defendants Cates and Chavez liable

4   in respondeat superior, the complaint fails to state a colorable Eighth Amendment cause of

5   action under 42 U.S.C. § 1983 against Cates and Chavez for the incidents in July, August, and

6   September 2011.

7           Additionally, if plaintiff chooses to pursue any Eighth Amendment claims in

8   connection with the incidents in July, August, and September 2011, he is advised that he must

9   provide the court with sufficient factual detail to allow the court to determine what happened,

10  and who, if anyone, is responsible.  It is not enough to identify a date and a label, like "torture"

11  or "slander" or "slavery" with a name - plaintiff must, at a minimum, describe what actions the

12  putative defendant took and what injuries plaintiff sustained.

13          <u>Remaining Claims</u>

14          Plaintiff's remaining claims are dismissed with leave to amend.  As to plaintiff's

15  phone card claims, there is nothing in the current record to suggest that the named defendants are

16  responsible for the costs of phone cards.  There is also no suggestion that the costs, however

17  high, violate a constitutional right personal to the plaintiff.

18          As to plaintiff's claims regarding law library access and copies, plaintiff has

19  furnished the court with no factual basis on which to determine whether plaintiff himself was

20  denied access.  <u>See also</u> ECF No. 9.

21          Plaintiff's complaint will be dismissed with leave to amend.  <u>See</u> 42 U.S.C.

22  § 1997e(c).  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

23  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

24  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

25  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

26  there is some affirmative link or connection between a defendant's actions and the claimed

1   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

2   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

3   allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

4   of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

6   order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

7   complaint be complete in itself without reference to any prior pleading.  This is because, as a

8   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

9   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

10  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

11  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

12                          REQUEST FOR IMMEDIATE INJUNCTIVE RELIEF

13          Plaintiff's allegations are additionally insufficient to support his requests for

14  immediate injunctive relief.  The standards governing the issuance of temporary restraining

15  orders are "substantially identical" to those governing the issuance of preliminary injunctions.

16  Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir.

17  2001).  Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the

18  merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

19  balance of equities tips in his favor, and that an injunction is in the public interest."  Am.

20  Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter

21  v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  A preliminary injunction is

22  appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a

23  hardship balance [] tips sharply toward the plaintiff, ... assuming the other two elements of the

24  Winter test are also met."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32

25  (9th Cir. 2011).  A TRO is "an extraordinary remedy that may only be awarded upon a clear

26  showing that the plaintiff is entitled to such relief."  Winter, 555 U.S. at 22.

1    The Ninth Circuit has reiterated that under either formulation of the principles, if

2    the probability of success on the merits is low, preliminary injunctive relief should be denied:

> 3    Martin explicitly teaches that "[u]nder this last part of the
>      alternative test, even if the balance of hardships tips decidedly in
> 4    favor of the moving party, it must be shown as an irreducible
>      minimum that there is a fair chance of success on the merits."

5

6    Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (*quoting*

7    Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984).

8    As noted above, most of the injunctive relief plaintiff seeks is related to his

9    conviction.  These claims have no likelihood of success on the merits, as they are barred, either

10   by Heck or by 28 U.S.C. § 2244.

11   Plaintiff also may not raise conviction-related claims, such as improperly

12   enhanced sentences, on behalf of other prisoners as he is a non-attorney acting pro se, and may

13   not represent anyone other than himself.

14   As to plaintiff's claims regarding phone cards or library access, plaintiff fails to

15   provide the court with any factual background, much less that sufficient to warrant injunctive

16   relief.  See also ECF No. 9.  Accordingly, the undersigned recommends that the request for a

17   TRO and/or preliminary injunction be denied.

18                    MOTION FOR APPOINTMENT OF COUNSEL

19   Plaintiff moves for the appointment of counsel.  ECF No. 3.  The United States

20   Supreme Court has ruled that district courts lack authority to require counsel to represent

21   indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

22   (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

23   counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

24   1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, for

25   the reasons set forth above, the court does not find the required exceptional circumstances.

26   Plaintiff's request for the appointment of counsel will therefore be denied.

1          "MOTION FOR SPEEDY TRIAL"

2          Plaintiff moves for a "speedy trial." ECF No. 8. Because this is a civil case to

3 which the speedy trial rule does not apply, the court construes plaintiff's motion to be one to

4 expedite this matter. The basis for plaintiff's request appears to be that he is ready to litigate,

5 and that defendants have failed to respond to his complaint.

6          Plaintiff's motion for speedy trial is denied. The defendants are not served with

7 the complaint until this court so orders, and, in this case, the court has not done so. Plaintiff has

8 not cited any reason, such as imminent harm, which would support expedited consideration of

9 his claims. Notably, the undersigned has additionally recommended that there is no basis on

10 which to grant plaintiff temporary injunctive relief.

11          Accordingly, IT IS HEREBY ORDERED that:

12          1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

13          2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

14 All fees shall be collected and paid in accordance with this court's order to the Director of the

15 California Department of Corrections and Rehabilitation filed concurrently herewith;

16          3. Plaintiff's motion for appointment of counsel (ECF No. 3) is denied;

17          4. Plaintiff's motion for speedy trial (ECF No. 8) is denied;

18          5. The complaint is dismissed for the reasons discussed above, with leave to file

19 an amended complaint within twenty-eight days from the date of service of this order. Failure to

20 file an amended complaint will result in a recommendation that the action be dismissed; and

21          IT IS HEREBY RECOMMENDED that plaintiff's request for a temporary

22 restraining order, contained in his complaint, be denied.

23          These findings and recommendations are submitted to the United States District

24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

25 eight (28) days after being served with these findings and recommendations, any party may file

26 written objections with the court and serve a copy on all parties. Such a document should be

11

captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within twenty-eight (28) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 19, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/star2284.B

12