IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBIN GILLEN STARR,

    Plaintiff,

vs.

JEFF REISIG, et al.,

    Defendants.

No. 2:12-cv-2284 KJM AC P

FINDINGS and RECOMMENDATIONS

---

    Plaintiff, a state prisoner, proceeds pro se and in forma pauperis on his complaint filed pursuant to 42 U.S.C. § 1983. On February 20, 2013, the undersigned issued findings and recommendations that, among other things, plaintiff's request for a temporary retraining order be denied. ECF No. 14. Plaintiff's request had been made as a part of his complaint, which the undersigned additionally ordered be dismissed with leave to amend. Id.

    On February 19, 2013, plaintiff constructively filed a Notice of Motion for a Temporary Restraining Order and Preliminary Injunction, which motion was received and filed by the court on February 22, 2013. ECF No. 17.

    In his motion, plaintiff reiterates his claims and requests from his complaint: namely, that his sentence has been illegally enhanced, and that he should immediately be

1

released and his record expunged. ECF Nos. 17 at 2-3; 17-1 at 1-2. He appears to seek this relief on behalf of all California state prisoners, as well as himself. ECF No. 17 at 2-3.

As noted in the undersigned's February 20, 2013 findings and recommendations, plaintiff's allegations are insufficient to support his requests for immediate injunctive relief. The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply toward the plaintiff, ... assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984).

Although plaintiff does not specify, the injunctive relief he seeks appears to relate to his 2009 conviction, the conviction for which he is currently in prison. As noted in the

undersigned's February 20, 2013 findings and recommendations, these claims have no likelihood of success on the merits, as they are barred, either by Heck v. Humphrey, 512 U.S. 477 (1994) or by 28 U.S.C. § 2244.

Plaintiff also may not raise conviction-related claims, such as improperly enhanced sentences, on behalf of other prisoners as he is a non-attorney acting pro se, and may not represent anyone other than himself.  See, e.g., C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987) (privilege of appearing pro se is personal to plaintiff, and he has no authority to appear as an attorney for others than himself); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (same).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 17) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-eight (28) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within twenty-eight (28) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 25, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/star2284.tro