UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GILLEN STARR,<br><br>             Plaintiff,<br><br>      v.<br><br>JEFF REISIG, et al.,<br><br>             Defendants. | No.  2:12-cv-2284 KJM AC P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

In the court's order of February 20, 2013, plaintiff's original complaint was dismissed and plaintiff was granted leave to file an amended complaint.  On June 6, 2013, plaintiff filed an amended complaint styled as a "petition" filed pursuant to 28 U.S.C. §§ 2241, 2254 and 2255. (ECF No. 21.)  The amended complaint asserts four grounds for relief which will now be screened pursuant to 28 U.S.C. § 1915A(a).

I.      Screening Standards

As discussed in the court's February 20, 2013 order, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

1

or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227−28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45−46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.     Screening of Plaintiff's Amended Complaint

In ground one, plaintiff alleges that he was subjected to an illegal search and seizure by Agent M. Geddis and Officer Krantz while in a car in Woodland, after which he was falsely arrested. (ECF No. 21 at 4.) Plaintiff's ground contends that "they" failed to fax a valid warrant and that plaintiff "signed no valid citations, or complaints at all," and that he was "denied exculpatory evidence." Id. In ground three, plaintiff alleges "the attorneys I had refused to do writs of habeas corpus. . ." ECF No. 21 at 5. He alleges that his arbitrary detention constitutes "slavery" and "elder abuse." Id.

////

2

Plaintiff's grounds one, two and three attempt to assert challenges to the validity of his confinement for his 2009 drug conviction. As plaintiff was previously advised in the court's February 20, 2013 order, however, a challenge to the procedure and process surrounding his 2009 conviction is not cognizable in this civil rights action. In particular:

> To the extent plaintiff seeks reversal of his conviction, release, and expungement of his record, his claims sound in habeas, and are barred pursuant to 28 U.S.C. § 2244, because plaintiff has already litigated the constitutionality of his 2009 drug conviction in this court. See Starr v. State of California, Case No. 2:12-cv-0457 KJN P. Plaintiff may also not seek damages in connection with the trial and conviction, because plaintiff's successful prosecution of these claims would necessarily imply the invalidity of his conviction and sentence, and he did not achieve a favorable termination in his prior habeas litigation. See Heck[v. Humphries], 512 U.S. at 486-87.

ECF No. 14 at 6. In addition, plaintiff's allegation that his attorney refused to file a habeas corpus petition fails to state a cognizable claim because plaintiff had no right to have appointed counsel file a habeas corpus petition on his behalf. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding that the right to counsel "extends to the first appeal of right, and no further."). For these reasons, grounds one, two and three are not cognizable in this action and must be dismissed.

In ground four, plaintiff alleges that "C.D.C.R. tortured me after the kidnapping. . . ." ECF No. 21 at 5. He further complains that he was "illegally arrested" after going "to probation" and "denied half time credits . . . by the campaign of harassment by CA[.]" Id. To the extent plaintiff is again attempting to assert a challenge to the legality or duration of confinement for his 2009 conviction, the claim is not cognizable for the same reasons just discussed. In regard to plaintiff's allegation of torture by CDCR, his single conclusory allegation unsupported by any other specific factual allegations, or the names of the individuals responsible, fails to state a cognizable claim for relief. As plaintiff was previously advised in the court's screening order granting him leave to file an amended complaint:

> If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can

3

>be no liability under 42 U.S.C. 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

ECF No. 14 at 8-9. Accordingly, ground four in the amended complaint should also be dismissed.

### III. Conclusion

For all the reasons discussed, the court finds the allegations in plaintiff's amended complaint fail to state a cognizable claim for relief. In light of plaintiff's failure to correct the obvious deficiencies in his pleading, the court finds that it would be futile to grant plaintiff leave to amend a second time. See California Architectural Bldg. Prod. V. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include . . . futility."); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the recommendation that plaintiff's amended complaint be dismissed and this action closed, plaintiff's July 8, 2013 motion to bring persons imprisoned before this court will be denied.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion to bring persons imprisoned before the court (ECF No. 28) is denied.

Further, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's amended complaint, styled as a petition for writ of habeas corpus (ECF No. 21) be dismissed without leave to amend.
2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-eight days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

star.2284.14.am.dism